UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

REGINA-RENEE QUINN,

    Plaintiff,

v.

TERRI ROSS, Allegany County
Treasurer et al.,

    Defendants.

25-CV-0645-MAV
DECISION & ORDER

*Pro se* Plaintiff, Regina-Renee Quinn, filed a complaint and motion for a temporary restraining order ("TRO") on July 17, 2025, seeking to enjoin the foreclosure sale of a piece of real property held in a trust of which she is the beneficiary. ECF Nos. 1, 3. For the reasons that follow, this Court is without subject matter jurisdiction to adjudicate Plaintiff's request for injunctive relief. Therefore, her motion for a TRO is denied.

According to Plaintiff's complaint, she is the executor and beneficiary of the Quinn Family Ecclesiastical Foreign Grantor Trust (the "Trust"). ECF No. 1 at ¶ 3. The Trust owns a piece of real property located on Richburg Hill Road, Bolivar, New York (the "Property"). *Id.* at ¶ 5. Plaintiff alleges that she has "suffered irreparable harm due to the defendants' unlawful seizure of trust property via tax foreclosure despite evidence of discharge, perfected trust interest, and IRS recordation. No lawful loan, lien, or judicial foreclosure exists." ECF No. 3 at 1. Plaintiff does not specifically reference a New York state case that adjudicated Defendants' ability to foreclose on

the Property nor has she provided any evidence of the foreclosure sale. In the unlikely event that the Property is not subject to a state foreclosure order, Plaintiff's motion for a TRO is denied as moot. Assuming the Property is subject to a state court order, Plaintiff's motion for a TRO is denied because her claims are barred by the Anti-Injunction Act and *Younger* abstention.

## I.   Anti-Injunction Act

"Courts in the Second Circuit consistently have held that the Anti-Injunction Act bars federal actions that attempt to enjoin state court foreclosure proceedings." *Manning v. City of New York*, No. 24 CIV. 4747 (LGS), 2024 WL 3377997, at *2–3 (S.D.N.Y. July 11, 2024) (collecting cases). The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. 2283; *Kaplan v. Reed Smith LLP*, 919 F.3d 154, 159 (2d Cir. 2019). "[A]ny injunction against state court proceedings otherwise proper . . . must be based on one of the specific statutory exceptions [in the Act] if it is to be upheld." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970); *accord Ochei v. Lapes*, No. 19 Civ. 3700, 2020 WL 528705, at *3 (S.D.N.Y. Jan. 31, 2020). The exceptions to the Anti-Injunction Act are narrow. *See Wyly v. Weiss*, 697 F.3d 131, 137-39 (2d Cir. 2012); *Kaplan*, 919 F.3d at 159. State-court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any,

through the state appellate courts and ultimately" the United States Supreme Court. *Szymonik v. Connecticut*, 807 F. App'x 97, 100 (2d Cir. 2020) (quotation omitted).

Plaintiff here appears to seek to enjoin the foreclosure of the Property by state officials. Such a TRO Application would not fall within any of the three Anti-Injunction Act exceptions as (1) there is no congressional Act exempting foreclosure actions from the Anti-Injunction Act, (2) there is no evidence that the state court proceeding is *in rem* and (3) there have not been extensive federal court proceedings nor has this Court entered any judgments that would require protection from the state court. *See Wyly*, 697 F.3d at 137–39 (the in-aid-of-jurisdiction exception applies only to in rem proceedings or where extensive federal litigation preceded the state court litigation and the re-litigation exception implements claim and issue preclusion principles). Plaintiff's TRO Application is therefore barred by the Anti-Injunction Act.

## II.   *Younger* Abstention

The TRO Application is also barred by *Younger* abstention. The *Younger* abstention doctrine cautions against enjoining or otherwise interfering in ongoing state proceedings. *See Sprint Comms., Inc. v. Jacobs*, 571 U.S 69, 77–78 (2013); *Trump v. Vance*, 941 F.3d 631, 637 (2d Cir. 2019), *aff'd and remanded*, 591 U.S. 786 (2020). *Younger* abstention is appropriate in three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions" and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 72–73; *accord Ajaero*, 2023 WL 7386583, at *5. "*Younger* abstention is grounded partly

on traditional principles of equity, but primarily on the even more vital consideration of comity," reflecting a "proper respect for state functions, a recognition of the . . . separate state governments, and a . . . belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Trump*, 941 F.3d at 637.

"*Younger* abstention is applicable to attempts to enjoin state court foreclosure proceedings, as foreclosure actions 'concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide the plaintiff with an adequate forum to make the arguments he seeks to raise in this court.'" *Manning*, 2024 WL 3377997, at *3 (quoting *Ochei*, 2020 WL 528705, at *4); *accord Toczek v. Alvord*, 841 F. App'x 263, 266 (2d Cir. 2021) (state court orders "relating to [plaintiff's] foreclosure are uniquely in furtherance of the state courts' ability to perform their judicial functions and implicate a state's interest in enforcing the orders and judgments of its courts."). Plaintiff's TRO Application seeking to enjoin the foreclosure sale is therefore barred by *Younger* abstention.

For the foregoing reasons, Plaintiff's TRO Application is DENIED without prejudice to her ability to pursue relief in state court, to the extent that relief is available.

SO ORDERED.

Dated:   July 18, 2025
         Rochester, New York

                                              */s/ Meredith A. Vacca*
                                              MEREDITH A. VACCA
                                              UNITED STATES DISTRICT JUDGE