UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REGINA-RENEE QUINN,

      Plaintiff,

v.

TERRI ROSS, Allegany County Treasurer et al.,

      Defendants.

25-CV-0645-MAV
DECISION & ORDER

---

*Pro se* Plaintiff, Regina-Renee Quinn, filed a complaint and motion for a temporary restraining order ("TRO") on July 17, 2025, seeking to enjoin the foreclosure sale of a piece of real property located in Bolivar, New York, that is held in a trust of which she is the beneficiary (the "Property"). ECF Nos. 1, 3. On July 19, 2025, the Court denied Plaintiff's motion for a TRO due to a lack of subject matter jurisdiction. ECF No. 6. In that Order, the Court explained:

> Plaintiff does not specifically reference a New York state case that adjudicated Defendants' ability to foreclose on the Property nor has she provided any evidence of the foreclosure sale. In the unlikely event that the Property is not subject to a state foreclosure order, Plaintiff's motion for a TRO is denied as moot. Assuming the Property is subject to a state court order, Plaintiff's motion for a TRO is denied because her claims are barred by the Anti-Injunction Act and *Younger* abstention.

*Id.* at 2.

Since then, Plaintiff filed a number of requests seeking essentially the same relief—to have this Court enjoin foreclosure of the Property. The Court's September 16, 2025 Decision and Order (the "September 16 Order") contains a detailed

1

procedural history of this case, including that Plaintiff's case was administratively closed on August 15, 2025, due to her failure to submit either a complete application to proceed *in forma pauperis* ("IFP") or the required filing and administrative fees. ECF No. 21. Additionally, the Court's September 16 Order, *inter alia*, granted Plaintiff's renewed IFP application, screened Plaintiff's complaint, and dismissed it with leave to amend certain potential claims by October 15, 2025, as directed by the Court. *Id.* The Court also ordered that:

> in the event the complaint is dismissed because Plaintiff has failed to timely file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

*Id.* at 21.

On September 23, 2025, the Court received the following documents: a motion for leave to appeal IFP, ECF No. 23, a notice of appeal to the Second Circuit, ECF No. 24, a motion for a stay pending appeal, ECF No. 25, a "transfer/notice of appeal," ECF No. 22, and a "statement addendum," ECF No. 27. *See* Fed. R. App. P. 4(d). As of the date of this Decision and Order, Plaintiff has not filed an amended complaint. Plaintiff's pending motion to appeal IFP[1] is DENIED and her motion for a stay pending appeal is also DENIED.

---

[1] Plaintiff's motion was submitted on a district court form, ECF No. 23 at 1, her motion for a stay pending appeal was styled as directed to the Second Circuit, ECF No. 25 at 1–4, and Second Circuit included in its Rule 4(d) transmittal on September 23 submissions that Plaintiff's submissions were "mistakenly sent to the U.S. Court of Appeals for the Second Circuit," *e.g.*, ECF No. 23 at 22. *See, e.g.*,

## DISCUSSION

Both Plaintiff's notice of appeal and her motion for a stay pending appeal state that she is appealing the Court's August 15, 2025 Decision and Order administratively terminating her case (the "August 15 Order"). ECF Nos. 24 at 1, 25 at 1; *see* ECF No. 11 at 2 (August 15 Order, holding "[b]ecause Plaintiff's motion to proceed IFP is incomplete, it is denied without prejudice and her case shall be administratively closed. If Plaintiff wishes to reopen her case, she must notify the Court in writing within 45 days of the day of this Order and must include either (1) a sufficiently completed IFP motion, or (2) the $350.00 filing fee and $55.00 administrative fee."). Plaintiff's case was reopened after she filed a renewed, and complete, IFP application. ECF Nos. 13 (renewed IFP application), 21 ("The Court grants Plaintiff's motion to proceed IFP and, therefore, reopens her case. In addition to reviewing Plaintiff's most recent filings, the Court elects to screen her complaint. 28 U.S.C. § 1915(e)(2)."). Beyond consideration of Plaintiff's specific requests to appeal IFP and for a stay, any appeal based on the Court's August 15 Order is moot.

I.   **Motion for a Stay Pending Appeal**

The standard generally governing applications to stay district court orders or proceedings pending appeal is as follows: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant

---

*United States v. Grote*, 961 F.3d 105, 123 (2d Cir. 2020) (noting that the Circuit reviews a district court's order on a motion to stay pending appeal for an abuse of discretion); *Griffin v. Doyle*, No. 12-CV-4359(JS)(GRB), 2022 WL 14826620, at *1 (E.D.N.Y. Oct. 26, 2022); *Fredricks v. Parilla*, No. 21-CV-1893 (LTS), 2021 WL 5054116, at *1 (S.D.N.Y. Nov. 1, 2021) (denying a motion to appeal IFP in the first instance).

will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *United States v. Grote*, 961 F.3d 105, 122–23 (2d Cir. 2020) (quotation omitted).

Accordingly, Plaintiff's motion for stay pending appeal, seeking to "stay the District Court's August 15, 2025 judgment and administrative termination pending resolution of this appeal" is DENIED. Plaintiff has made no showing that she is likely to succeed on the merits in that regard.

Plaintiff's motion for a stay also seeks to "enjoin Appellees from taking any further action to foreclose, transfer, or otherwise interfere with Appellant's trust property until final disposition," ECF No. 25. This additional requested relief is DENIED. For the reasons the Court has stated in ruling on Plaintiff's multitude of attempts to raise the same request for relief, Plaintiff has made no showing that she is likely to succeed on the merits of obtaining such relief in federal court. *See* ECF Nos. 6, 11, 21 (Court's orders); *see also* ECF Nos. 1, 3, 8, 9, 14–16, 18, 19 (Plaintiff's filing seeking the same relief). Furthermore, the reasoning supporting the Court's application of *Younger* abstention and the Anti-Injunction Act in this case supports denying Plaintiff's requested relief because ruling otherwise is likely to substantially injure the other parties interested in the proceeding and contrary to the public interest. *See Szymonik v. Connecticut*, 807 F. App'x 97, 100 (2d Cir. 2020) (discussing the Anti-Injunction Act and noting that state-court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief

4

from error, if any, through the state appellate courts and ultimately the United States Supreme Court." (quotation omitted)); *Toczek v. Alvord*, 841 F. App'x 263, 266 (2d Cir. 2021) (state court orders "relating to [plaintiff's] foreclosure are uniquely in furtherance of the state courts' ability to perform their judicial functions and implicate a state's interest in enforcing the orders and judgments of its courts.").

The Court will, however, extend Plaintiff's deadline to file an amended complaint in her case until **October 22, 2025. Otherwise, the Court's September 16 Order remains in effect, including its directives for any amended complaint and its order that the Clerk's Office shall dismiss Plaintiff's case without further order of the Court if she fails to timely file an amended complaint**—which is now due no later than October 22, 2025.

Plaintiff's motion to appeal IFP, ECF No. 23, is also DENIED. "The decision of whether to grant a request to proceed *in forma pauperis* is left to the District Court's discretion under 28 U.S.C. § 1915." *Griffin v. Doyle*, No. 12-CV-4359(JS)(GRB), 2022 WL 14826620, at *1 (E.D.N.Y. Oct. 26, 2022) (quotation omitted). "The Court's discretion is limited in that: [a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.* (quotation omitted); *see also* Fed. R. App. P. 24(a) ("A party . . . may proceed on appeal *in forma pauperis* . . . unless the district court . . . certifies that the appeal is not taken in good faith . . . ."). The standard for "good faith" in pursuing an appeal is an objective one—good faith being "demonstrated when a party seeks appellate review of an issue not

5

frivolous." *Coppedge*, 369 U.S. at 445; *see Linden v. Harper & Row Publishers*, 490 F. Supp. 297, 300 (S.D.N.Y. 1980) (applying objective "good faith" standard to civil case).

The Court previously certified in its September 16 Order that "in the event the complaint is dismissed because Plaintiff has failed to timely file an amended complaint, . . . that any appeal from this Decision and Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied." ECF No. 21 at 21. Plaintiff does not purport to appeal from the September 16 Order, nor has Plaintiff filed an amended complaint in an attempt to proceed with her case in this Court. Instead, Plaintiff "seeks review of all rulings adverse to her interests, including but not limited to the denial of her motion for a Temporary Restraining Order, dismissal for lack of subject matter jurisdiction, and application of the Anti-Injunction Act and *Younger* abstention doctrines" while specifically claiming to appeal the now-moot administrative termination of her case. ECF No. 24 at 1. As discussed, her motion for a stay pending appeal affirmatively seeks, again, to have state foreclosure matters enjoined by a federal court. ECF No. 25 at 2.

The Court certifies that Plaintiff's current appeal is not taken in good faith and, therefore, DENIES her instant motion to appeal IFP.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion to stay pending appeal, ECF No. 25, is DENIED; and it is further

ORDERED that Plaintiff's motion to appeal IFP, ECF No. 23, is DENIED; and it is further

ORDERED that Plaintiff's deadline to file an amended complaint in accordance with the Court's September 16 Order is **extended to October 22, 2025,** and the Court's September 16 Order otherwise remains in effect; and it is further

ORDERED that this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge*, 369 U.S. at 445. Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time her address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated:      October 8, 2025
            Rochester, New York

_____
HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE